# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

LAURENCE ROSE,

        Plaintiff,

        v.                                                                    CIV NO. 02-365 DJS/RLP

ALBUQUERQUE TECHNICAL VOCATIONAL
INSTITUTE, PAUL QUAN, in his individual capacity,
RICHARD BIRKEY, in his individual capacity,
JOHN "CHRIS" CERVANTES, in his individual capacity,

        Defendants.


## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before this Court on Defendants' Motion to Dismiss Counts IV, V,

and VI filed June 11, 2003 (Docket No. 55). The parties have consented, pursuant to 28 U.S.C.

§636(c) and Fed.R.Civ.P. 73 to the undersigned to conduct any and all proceedings in this case,

including the entry of a final judgment. Defendants seek an order dismissing certain counts of the

complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim.

This action is a suit pursuant to Title VII, 42 U.S.C. §2000e(a)(1), the New Mexico Human

Rights Act and 42 U.S.C. §1983. Plaintiff contends that Defendants violated his constitutional rights

and subjected him to discrimination on account of his age, race, and religion. Plaintiff asserts that he

is over forty years old and belongs to the Jewish race and faith. Plaintiff is an employee of the

Albuquerque Technical Vocational Institute ("TVI"). He is employed in the Technologies Department of TVI as a full-time faculty member. Plaintiff further states that he has been primarily responsible for the creation and operation of the computer animation area of concentration in the Technologies Department. Plaintiff alleges that he came into conflict with Defendant Quan and Cervantes over a hiring process in which Plaintiff believed Cervantes was favored due to his Hispanic national origin. Following that incident and as a result of his objection to the perceived favoritism, Plaintiff asserts that he was subject to discriminatory treatment and retaliatory acts by the individual Defendants which affected his employment at TVI. Defendants deny that Plaintiff has been subjected to discrimination or retaliation.

In the instant motion, Defendants move to dismiss Counts IV, V, and VI of the complaint. Count IV alleges that, in violation of 42 U.S.C. §1983, Defendants Birkey, Quan and Cervantes acted to deprive him of his First Amendment right to access to the courts. In Count V, Plaintiff alleges that the individually named Defendants conspired to commit acts designed to retaliate against him for the exercise of his First Amendment rights, particularly, his right of access to the courts. In Count VI, Plaintiff alleges that the individual Defendants' actions were undertaken in bad faith, willfully and maliciously and that he is entitled to punitive damages from them.

**STANDARD OF LAW**

"[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Moreover, in passing on a motion to dismiss, the allegations of the complaint must be construed in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).          "It is well-established, however, that in determining whether to grant

2

a motion to dismiss, the district court...[is] limited to assessing the legal sufficiency of the allegations contained within the four corners of the complaint." Jojola v. Chavez, 55 F.3d 488, 494 (10th Cir. 1995) (citing Doyle v. Oklahoma Bar Ass'n, 998 F.2d 1559, 1566 (10th Cir.1993) (in reviewing an order granting a motion to dismiss, a court of appeals "confin[es] [its] review to the allegations of the complaint")).

Under Rule 12(b)(6), a district court may dismiss a complaint that fails to comply with Rule 8(a)(2)'s requirement of a "short and plain statement of the claim" if there appears to be no set of facts on which the plaintiff may state a claim for relief. See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n, 891 F.2d 1473, 1480 (10th Cir.1989). If it appears that no amendment of a plaintiff's complaint will satisfy the requirement for stating a claim upon which relief may be granted, then a district court may dismiss the case even without resort to the procedure for amending a complaint under Rule 15(a). See Mountain View Pharmacy v. Abbott Labs., 630 F.2d 1383, 1389 (10th Cir.1980) (noting that permission to amend a complaint need not be given when the "futility of amendment" is "apparent") (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

The Federal Rules have established a liberal standard of "notice pleading" in which "technical forms of pleading" are not required, but instead, a plaintiff's factual pleading must merely contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2) & (e)(1). The Supreme Court has explained that the Federal Rules "do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957) (quoting Fed.R.Civ.P. 8(a)(2)). Courts have interpreted this requirement to mean that "factual pleading is

required only insofar as it is necessary to place a defendant on notice as to the type of claim alleged and the grounds upon which it rests, thereby enabling a defendant to prepare a responsive pleading." Mountain View Pharmacy, 630 F.2d at 1388. However, the Court may not accept as true those allegations that are conclusory in nature, i.e., which state legal conclusions rather than factual assertions. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991) ("[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based."). A complaint has an additional obligation to "apprise the court of sufficient allegations to allow it to conclude, if the allegations are proved, that the claimant has a legal right to relief." See Perrington Wholesale, Inc. v. Burger King Corp., 631 F.2d 1369, 1371 (10th Cir.1979) (quoted in Monument Builders, 891 F.2d at 1480).

**COUNT IV**

As previously noted, in Count IV of the Amended Complaint Plaintiff asserts that the individual Defendants acted to retaliate against him for the exercise of his First Amendment right of access to the courts. Plaintiff also contends that the individual Defendants' actions would have chilled a person of ordinary firmness from seeking relief from the courts. Defendants assert that Plaintiff fails to state a claim upon which relief can be granted.

As elucidated by Judge Carrigan in Stump v. Gates, 777 F.Supp. 808, 817 (D.Colo. 1991), aff'd 986 F.2d 1429 (10th Cir. 1993) (unpublished disposition),

" As early as 1885, the United States Supreme Court declared that all persons: 'should have like access to the courts of the country for the protection of their persons and property, [and] the prevention and redress of wrongs ... [N]o impediment should be interposed to the pursuits of anyone except as applied to the same pursuits by others under like circumstances ... [N]o greater burdens should be laid upon one than are laid upon others in the same calling and condition....' Barbier v. Connolly, 113 U.S. 27 (1885); see also Truax v. Corrigan, 257 U.S. 312 (1921).  In Chambers v. Baltimore & O.R. Co., 207 U.S. 142, 148 (1907), the Supreme Court characterized the right of judicial access in the following terms: 'The right to

4

sue and defend in the courts is the alternative to force. In an organized society it is the right conservative of all other rights, and lies at the foundation of orderly government. It is one of the highest and most essential privileges of citizenship, and must be allowed by each state to the citizens of all other states to the precise extent that it is allowed to its  own citizens. Equality of treatment in this respect is not left to depend upon comity between the states, but is granted and protected by the Federal Constitution."

Access to the courts of the United States is a constitutional right guaranteed by the due process clauses of the Fifth and Fourteenth Amendments. Silver v. Cormier, 529 F.2d 161, 163 (10th Cir. 1976) (citation omitted). This right of access to the courts cannot be infringed upon or burdened. Id. (finding that a public official's threats to a citizen to withhold monies due and owing, should legal proceedings on an independent matter be instituted, burdens or chills constitutional rights of access to the courts); see Melton v. City of Oklahoma City, 879 F.2d 706, 730 (10th Cir.1989)(finding a §1983 claim for allegations that plaintiff's trial testimony in a previous lawsuit was a motivating factor in his dismissal from a city's police department) overruled on other grounds, 928 F.2d 920 (10th Cir.1991) (en banc) cert. denied 502 U.S. 906 (1991); also see Dellums v. Powell, 490 F.Supp. 70, 74 (D.D.C.1980) aff'd, 660 F.2d 802 (D.C.Cir.1981)(allegation of malicious prosecution undertaken for express purpose of coercing plaintiffs to refrain from exercising constitutional rights states Bivens-type claim). Infringement or burden upon a citizen's right of access to the courts is a civil rights violation even though the threat of retaliation is not actually effective. Silver, 529 F.2d at 163.

In order to state a claim for denial of access to the courts, Plaintiff must show that the actions he alleges Defendants Birkey, Quan, and Cervantes to have taken against him were intended to chill or prevent him from seeking redress through the legal process. While Plaintiff lists various acts which he characterizes as adverse employment actions, he does not link any of those acts to efforts to dissuade him from pursuing legal recourse. Cf. Shaw v. Neece, 727 F.2d 947, 948-49 (10th cir. 1984)(Finding no impairment of access to the courts where fellow city employees refused to sign

statements regarding accident on the job and plaintiff was told he would have to reimburse city for worker's compensation payments if successful) cert. denied 466 U.S. 976 (1984). Unlike the circumstances of the Plaintiffs in Silver, Melton, or Dellums *supra*, Plaintiff does not describe threats or retaliation linked to his actions in seeking legal redress or distinguishable from the discrimination which he contends led him to seek such redress. Plainitiff doe not state that any actions were taken after he filed his EEOC notice or after he received his right to sue letter. Further, he does not state that any of the individual Defendants were aware of his intent to file suit or seek relief from the EEOC. Accordingly, Plaintiff's claim stated in Count IV of the complaint must be dismissed with prejudice.

**COUNT V**

Count V of the complaint asserts a claim that the individual defendants conspired against him to discriminate against him and to retaliate against him for his exercise of his right of access to the courts. Plaintiff states that the individual Defendants conspired to falsely accuse him of poor job performance and to subject him to unusual scrutiny and observation of his classes. Plaintiff contends that the acts undertaken against him were numerous and egregious enough to chill a person of ordinary firmness from continuing to exercise his First Amendment rights.

As with Count IV, Plaintiff makes no allegations linking the alleged retaliation or harassment to the filing of this lawsuit or his attempts to obtain redress from the Courts. Failing such an allegation, he cannot succeed in the claim asserted in Count V and it should also be dismissed.

**COUNT VI**

Count VI of the Amended Complaint seeks punitive damages against the individual Defendants. The Court will dismiss Counts IV and V of the Amended Complaint and Counts I, II and

III of that complaint apply only to Defendant TVI. Because all claims against the individual Defendants will be dismissed, this count seeking punitive damages against them must be dismissed as well.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss Counts IV, V, and VI of the Amended Complaint is granted and those counts are hereby dismissed.

**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**